LAND, J.
The accused was indicted for the crime of murder, and was tried and found guilty as charged without capital punishment. From a sentence of imprisonment at hard labor in the state penitentiary for the term of his natural life, the accused has appealed.
On the trial in this court counsel for the accused has submitted the cause without argument or brief on the two bills of exception found in the record.
On the trial of the case, while the defendant’s 'brother was on the stand testifying in chief in behalf of the defense, counsel for defendant propounded to the witness the following question referring to the deceased, to wit:
“Q. Was he not a shootist?” And thereupon the witness answered that the deceased had been in several shootings, and had got shot In rebuttal the state offered to prove the good character of the deceased for peace and quiet. Defendant’s counsel objected W the admissibility of such evidence, but the-trial judge overruled the objections, and a:' bill of exception was reserved to the ruling-of the court. In his per curiam the judge-says :
“The evidence disclosed the fact that the-defendant killed the deceased with a shotgun, and in endeavoring to establish the plea of self-defense, his attorney asked the question above' stated, whereupon the district attorney immediately objected, but added: ‘Yery well, gentlemen, I have no objection, but I notify you if you insist on the question, and thereby open the question of the character for peace and-’ quiet of the deceased, I shall offer countervailing testimony.’ ”
In the opinion of the court the question was' intended to show the bad character' of the deceased for peace and quiet,, and'the state had the right to offer countervailing proofl
The correctness of this ruling is too plain for discussion.
The defendant’s counsel requested the judge to specially charge the jury as to the law of self-defense as follows:
“When the accused is in a place where he has-the right to be, standing upon his legal rights, and is attacked by another under circumstances denoting an intention to take awajr his life, he is under no obligation to retreat, but may lawfully slay his assailant in his tracks.
“Where under the circumstances stated and in action would endanger his life, and where retreat would further enhance the danger, then and in these cases the defendant has the right to advance upon, and to pursue, if such advance be necessary to save his life or to prevent the infliction of great bodily harm, his adversary, and if, in the course of his defense, he should take the life of the deceased, it will be justifiable self-defense.”
The judge modified the charge by interpolating, “If there was reasonable ground to believe that the deceased was then and there *196 about to carry out such intention,” and gave the special charge as thus modified. Defendant’s counsel excepted to the modification.
The trial judge might well have refused to give the special charge, as it evidently required modification in several essential respects, and his modification cannot be complained of, as it merely embodied one of the essential elements of a case of self-defense. The attack must be “of such a nature as to afford reasonable ground to believe that the design is to destroy life or to commit a felony on the person assaulted.” State v. Chandler, 5 La. Ann. 490, 52 Am. Dec. 599.
The record discloses no errors prejudicial to the defendant, and the judgment appealed .from is therefore affirmed.